2000 Utah Ct. App. 216

**STATE of Utah, in the Interest of A.D., R.D., A.D., and A.D., persons under eighteen years of age.**

**C.C., Appellant,**

v.

**State of Utah, Appellee.**

**No. 990435–CA.**

Court of Appeals of Utah.

July 13, 2000.

John E. Laherty, Laherty & Associates PC, Salt Lake City, for Appellant.

Jan Graham, Attorney General and John Peterson, Attorney General's Office, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges JACKSON, BENCH, and DAVIS.

## OPINION

BENCH, Judge:

¶ 1 C.C. appeals the juvenile court's order terminating her parental rights, arguing that the court erred in quashing her subpoena to compel the Guardian Ad Litem (the GAL) to testify. We affirm.

## BACKGROUND

¶ 2 C.C. is the natural mother of A.D., R.D., A.D., and A.D. (the children). The Division of Child and Family Services (DCFS) removed the children from C.C.'s care and custody in February 1997 because C.C. physically abused a child who is not a party to this matter, and thus, the children were deemed to be at risk. After unsuccessfully attempting a relative placement with one of the children, DCFS was awarded temporary custody and guardianship of all four children. The children were adjudicated as "neglected," and DCFS formulated two service plans with the goal of returning custody of the children to C.C. However, because C.C. failed to comply with the requirements of the service plans, the court terminated reunification services and changed the children's permanency goal to adoption.

¶ 3 DCFS filed a petition to terminate C.C.'s parental rights. When C.C. began complying with some of the requirements of the service plans, DCFS filed a motion to dismiss the petition and to change the permanency goal back to reunification. The GAL, however, filed an amended petition to terminate C.C.'s parental rights.

¶ 4 Counsel for C.C. subpoenaed the GAL to testify at trial because the GAL had personally verified the amended petition. The GAL filed a motion to quash the subpoena, which the juvenile court granted. A trial was held on the GAL's termination petition, at which the GAL called witnesses to present testimony and evidence concerning, inter alia, C.C.'s mental health and substance abuse, and the children's need for permanency. The juvenile court determined that sufficient grounds existed to terminate C.C.'s parental rights, but stayed the order pending C.C.'s compliance with certain other court orders. When C.C. failed to comply with the other court orders, the juvenile court lifted the stay on the order terminating her parental rights. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

 ¶ 5 We must determine whether the juvenile court properly quashed C.C.'s subpoena to compel the GAL to testify. "We will not reverse the trial court['s refusal to allow testimony] unless the appellant demonstrates that the trial court has clearly abused its discretion and thereby affected the appellant's substantial rights." *Turner v. Nelson,* 872 P.2d 1021, 1023 (Utah 1994); *see also State v. Larsen,* 865 P.2d 1355, 1361 (Utah 1993) ("The trial court has wide discretion in determining the admissibility of expert testimony, and such decisions are reviewed under an abuse of discretion standard.").

## ANALYSIS

 ¶ 6 C.C. first argues that because the GAL verified the termination petition, C.C. should have been "permitted an opportunity to question [the GAL] regarding her basis of knowledge for signing the verification." We disagree. Verifying a petition does not require the GAL to have any personal or first-hand knowledge of the underlying allegations. *See* Utah Code Ann. § 78–3a–109(2) (Supp.1999). Verification simply means that, to the best of the GAL's "information and belief[,]" the statements in the petition are true. *Id.* In fact, verifying a petition to the juvenile court is analogous to presenting any other pleading or motion to a

court. *See* Utah R. Civ. P. 11(b) (providing that when attorney signs and presents "pleading, written motion, or other paper to the court[,]" attorney certifies that to the best of his or her "knowledge, information, and belief," factual allegations have or will likely have evidentiary support). Accordingly, the simple fact that the GAL verified the petition does not entitle C.C. to call the GAL as a witness.

■ ¶ 7 C.C. also argues that she should have been permitted to call the GAL as a witness due to the GAL's statutory responsibility to investigate and make recommendations regarding the best interests of the children. *See* Utah Code Ann. § 78–3a–912(3)(c) & (s) (Supp.1999). C.C. contends that this statutory responsibility "places [the GAL] in the position of expert witness." We again disagree. The juvenile court "may appoint an attorney [GAL] to represent the best interest of a minor involved in any case before the court." *Id.* § 78–3a–912(1). Due to the unique role the GAL plays in representing abused, neglected, or dependent children, the Legislature has specifically outlined, by statute, the manner in which the GAL is to properly represent the children's best interests. *See id.* § 78–3a–912.

¶ 8 When representing a minor, the GAL is to "conduct or supervise an independent investigation in order to obtain first-hand, a clear understanding of the situation and needs of the child." *Id.* § 78–3a–912(3)(c). In addition, the GAL is to "make clear and specific recommendations to the court concerning the best interest of the minor at every stage of the proceeding." *Id.* § 78–3a–912(3)(s). Those recommendations "shall be a result of [the GAL's] independent investigation." *Id.* § 78–3a–912(8)(b). We will therefore focus our analysis on whether the duty to make recommendations to the court based on an independent investigation necessarily subjects the GAL to being called as a witness.

■ ¶ 9 Although the statute requires the GAL to make recommendations to the court, it does not suggest that those recommendations are to be treated as evidence. Moreover, the statute does not direct, or even allow, the court to give any particular weight or deference to the recommendations. What the statute does require in proceedings to terminate parental rights is that the petitioner (the GAL in this case) "establish the facts by clear and convincing evidence." *Id.* § 78–3a–406(3) (1996). The GAL must meet this burden by "present[ing] witnesses and exhibits." *Id.* § 78–3a–912(3)(o) (Supp.1999). Although the GAL makes recommendations to the court, the court may not treat those recommendations as evidence. *See* Utah R. Prof'l Conduct 3.7 (prohibiting attorney, with limited exceptions, from acting as advocate and witness in same trial). When seeking termination of parental rights, the GAL must clearly and convincingly establish the facts supporting termination just as any other attorney would.

¶ 10 In this case, the juvenile court terminated C.C.'s parental rights based on clear and convincing evidence of C.C.'s unfitness, which was established through numerous witnesses called by the GAL. In fact, C.C. does not dispute the sufficiency of the evidence terminating her parental rights to the children. Further, the GAL did not testify, and C.C. has not demonstrated that the juvenile court treated any of the GAL's recommendations as evidence. In short, the GAL—as the children's attorney—did not act as a witness in making the statutorily required recommendations, and the juvenile court did not treat those recommendations as evidence. Thus, the juvenile court properly quashed the subpoena to compel the GAL's testimony.

## CONCLUSION

¶ 11 The GAL did not become a witness in the proceeding to terminate C.C.'s parental rights simply by verifying the termination petition. The GAL also did not act as an "expert witness" by fulfilling her statutory responsibility to make recommendations to the court regarding the children's best interests. Accordingly, the juvenile court did not abuse its discretion in quashing the subpoena to compel the GAL to testify at the termination proceeding.

¶ 12 We therefore affirm.

¶ 13 I CONCUR: NORMAN H. JACKSON, Associate Presiding Judge.

**DAVIS, Judge** (concurring and dissenting):

¶ 14 I concur with the majority opinion except the following portions of paragraph six: (1) the portion stating that verification means assertions made upon "information and belief," and (2) the portion equating verification of a pleading with the certification imposed by Utah R. Civ. P. 11(b).

¶ 15 "Verification" is defined as "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." Black's Law Dictionary 1556 (7th ed.1999).

¶ 16 While it is true that a verified pleading can be made wholly on information and belief, in my experience, this seldom occurs. Indeed, unless the *fact* of obtaining, say, hearsay information is of some consequence, there would be little point in using a verification. More commonly, a verified pleading will contain a mix of assertions made on personal knowledge as well as information and belief when context and continuity require.[1] Of course, a verified pleading can also be based entirely upon personal knowledge.

¶ 17 The majority opinion equates verification with assertions made on information and belief. This equation would render verification meaningless in most cases unless the fact of obtaining the information contained in the assertions is of some significance. It follows that, to the extent the GAL makes verified assertions based upon information and belief, there would be little point in subjecting the GAL to subpoena and examination because the pleading, by its terms, stated that the GAL has no personal knowledge of the assertions.

¶ 18 To the extent assertions are made upon personal knowledge and are, or may be, relied upon by the court as evidence of the matter asserted, due process requires the party challenging the assertions an opportunity to test the efficacy thereof. *See, e.g., Christiansen v. Harris,* 109 Utah 1, 163 P.2d 314, 317 (1945)(stating that essentials of due process include fair opportunity to submit evidence, examine, and cross-examine witnesses).

¶ 19 Additionally, the fact that the person making the verified assertions is a member of the bar does not support the majority's Rule 11 analogue. Under Rule 11, attorneys are required to sign pleadings and thereby certify that the factual allegations therein will have evidentiary support. This certification is a far cry from a verification of a pleading—even one based exclusively upon information and belief.

¶ 20 Accordingly, I concur with the majority opinion except as to those portions of paragraph six discussed above.

---

1. Coincidentally, the GAL verification form recommended in *American Jurisprudence Pleading and Practice Forms* is of this type. *See* 5A Am.Jur. Pleadings and Practice Forms § 635 (1998). This verification form recommends the following language: "1) Deponent is the guardian ad litem of [minor children]. 2) The above [pleading] is true of deponent's own knowledge except as to the matters therein stated to be on information or belief, and to those matters, deponent believes it to be true." *Id.*

However, in the instant case, the GAL's oath states: "I, Penny Heal Breiman, being first duly sworn under oath, do depose and state that I am court appointed Guardian ad litem (sic) for the above named minor children and certify that the foregoing Petition is true to the best of my knowledge and belief."